### SEYMOUR v. TEXAS & N. O. R. CO.
### No. 4538.

Court of Civil Appeals of Texas. El Paso.
Oct. 23, 1947.

Rehearing Denied Nov. 6, 1947.

Ernest Guinn, of El Paso, for appellant.

Kemp, Smith, Brown, Goggin & White, of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of El Paso County, 41st Judicial District. Jules L. Seymour, as plaintiff, sued Texas & New Orleans Railroad Company to recover damages for personal injuries alleged to have been proximately caused by the negligence of defendant. Trial was to the court with a jury, submission on special issues. On the verdict judgment was rendered in favor of defendant.

Plaintiff alleged in substance that on or about September 5, 1944, he was a brakeman in the employ of defendant. In the course of his employment he was assisting in a switching operation of a freight train at or near Fabens, Texas; that while attempting to deliver some switching orders to the conductor such orders blew out of his hands and lodged in some bushes on the right of way near the track; that at the particular point the track was on an embankment and for drainage purposes a culvert ran under the track; that in attempting to cross that culvert going after said orders and while going over same he slipped and seriously injured his knee. Negligence was charged in the failure of defendant to have guard rails on the sides of the culvert; further that across the culvert there was a passway intended by defendant to be used by its employees; that such passway had become narrow, sloped down, and there were various other defects alleged as to its condition. Negligence was charged in respect to the condition of this passway. Defendant plead the general issues; alleged that the accident did not take place on the crossing and that it was guilty of no negligence and the occurrence was an unavoidable accident.

No exceptions were taken to the court's charge and no special charges were asked by the plaintiff.

Special Issue No. 1 with its answer was as follows:

"Do you find from a preponderance of the evidence that on or about September 5,

1944, the plaintiff Jules L. Seymour injured his knee while walking on the passway over or above the culvert on the defendant Texas & New Orleans Railway Company's right of way? Answer 'Yes' or 'No.'

"We answer No."

Various grounds of negligence plead by plaintiff with supporting issues were submitted conditioned upon an affirmative answer to issue No. 1. No. 1 having been answered in the negative none of these issues were answered. Various issues of contributory negligence were submitted but these were found in favor of plaintiff. The finding on the issue of unavoidable · accident, however, was favorable to defendant. It was likewise found that as a proximate result of the injuries suffered from the accident $8,000 would be a reasonable compensation.

■ Issue No. 1 is here complained of as the submission of the case on a general charge. No such complaint was made before the charge was delivered, no such complaint was alleged in the motion for a new trial. If such objections had been made, we are disposed to the view that the issue was entirely proper. The gist of plaintiff's asserted cause of action was negligence in the manner of maintaining the crossing on the south side of the culvert. No. 1 simply submitted—"Did the accident occur substantially as alleged by plaintiff?" In any event, not having objected to the manner of submission in the trial court he can not urge error here. Rule 279, Texas Rules of Civil Procedure.

■ Several of plaintiff's points of error complain of the court's failure to submit all the issues. Plaintiff, so far as the record shows, at the trial neither asked for additional issues nor excepted to the court's failure to submit. Under Rule 279 he can not complain on appeal.

■ Plaintiff likewise complains of the admission in evidence of a statement that he made with reference to the accident. So far as we are able to find there was no objection raised at the trial to the admission of this evidence. It is thought this statement was clearly admissible. However, it is deemed elementary that in order to assign error on appeal as to the admission of evidence objection to the admission thereof must have been made at the trial. 3 Tex.Jur. p. 188, Sec. 126.

■■ Plaintiff's point No. 7 is that the court erred in refusing to grant motion for a new trial because he has a meritorious cause of action and a gross injustice has been done. The brief fails to point out the evidence upon which his point is based. It is not the function of an appellate court to seek errors, but to pass upon points of error properly assigned and briefed. However, we have read the statement of facts and the evidence supports the findings made by the jury.

■ Another ground of error urged is that the trial court should have granted a new trial because defendant produced witnesses to the action that plaintiff had no reason to expect would be produced. There is no showing that these witnesses testified other than truthfully. If plaintiff was surprised at the production of those witnesses he might have moved for a continuance. In our opinion, in order to make this contention he should have invoked the ruling of the trial court before the return of the verdict. 31 Tex.Jur. p. 89, Sec. 79.

There is no error in the case and the judgment of the trial court is in all things affirmed.