## LLOYDS CAS. INSURER et al.

### v.

### CASTLE.

### No. 12585.

Court of Civil Appeals of Texas.

Galveston.

Jan. 28, 1954.

Rehearing Denied May 13, 1954.

Appellants' Second Motion for Rehearing

Refused June 3, 1954.

Wm. R. Brown, Baker, Botts, Andrews
& Shepherd, Earl W. Gammage, Kemper
& Wilson, W. L. Kemper, Houston, for
appellants.

Bracewell & Tunks, Bert H. Tunks,
Houston, for appellee.

GRAVES, Justice.

This appeal is from an $91,840.67 judgment·of the 11th District Court of Harris County, in response to a jury's verdict on 37 issues of fact submitted to it, in favor of the appellee against the appellants.

It is the second appeal to this Court in the same controversy between the same parties under a contract between them, of date December 31, 1945, whereby the appellants employed the appellee :(a licensed attorney, as well as an experienced insurance executive) in the prosecution of their insurance business.

In both such suits the appellee, who was the plaintiff in the first suit, sued specifically for his claimed salary under such contract, alleging that he had fully performed the services due from him thereunder, which contentions on both trials the appellants deny. As indicated, the rival contentions in both trials grew out of—mainly perhaps—differing constructions of the legal meaning and effect of their contract as applied to the business so pursued.

In the situation so outlined, this Court upon the first trial of the controversy, reversed the trial court's judgment in favor of the present appellants and against the present appellee, undertaking to construe the contract between them, and holding that under such construction there were questions of fact raised for a jury's determination, and remanded the cause to the trial court for another trial.

In doing so, this Court attached a copy of the contract so involved between the

parties, in full, to its opinion as an exhibit, which enabled the Supreme Court to have the whole effect of the contractual relations between the parties at its disposal, if and when the cause should reach it.

This Court's opinion upon such former trial is reported under the style of Castle v. Lloyds Cas. Insurer, 244 S.W.2d 359, et seq. The Supreme Court refused a writ of error to that holding, n. r. e. This present record shows that the present appellants, in the Supreme Court, made a motion for rehearing upon its order so adverse to them, which was by that Court overruled, and that it likewise refused a second motion from appellants for a rehearing thereon.

Upon the second trial below, in the large number of special issues it so submitted, the trial court literally cross-examined the jury upon all the contentions of the parties concerning the facts of the transactions between them, in response to which the controversy had been so sent back to them following the first trial. The appellants, in the appeal now at bar from that extended trial on the facts below, have in no manner shown that any of such findings of the jury, all of which were in favor of the appellee here and against the appellants, were not supported by the evidence. This Court is, therefore, bound by them, and since appellants have likewise failed to show that the trial court made any material error in such submission of the facts at issue between the parties, it follows that their appeal cannot be sustained.

Indeed, with all due deference to them, appellants' briefs in this Court are in large measure subject to the objections the appellee makes to them, in that their points of error through which they have essayed to present the appeal to this Court, are not in conformity with Rule 418, T.R.C.P. They are, as criticized, too general, vague, and indefinite, to properly point out any specific errors as such Rule 418 requires.

Notwithstanding that such points are multifarious and mix up varying questions of law and fact, without specifically pointing out any particular error, this Court

has laboriously endeavored to pass upon the merits of what the appellants contend for here, and to see to it that they have fair consideration of the contentions they have so earnestly brought here.

As indicated, however, this Court must hold that there has not been presented to it any meritorious considerations, upon which it could hold that the jury's extended verdict, under the trial court's charge, should not be upheld.

Indeed, as its judgment recites, the trial court itself—after painstakingly considering and weighing the detailed findings so returned by the jury—upon its own part, made "such additional findings as were authorized by law," and then only, rendered the judgment here appealed from.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

HAMBLEN, Chief Justice.

I concur in the result reached in the foregoing opinion, but feel that the apparent failure of the opinion, as filed, to comply with Rule 453, T.R.C.P., requires explanation. The statement of the points of error upon which the appeal is predicated, as contained in appellants' brief, consumes eighteen printed pages. Point Number One complains of the error of the trial court in overruling defendants' motion for instructed verdict for each and all of the reasons and grounds therein set out. Point Two makes similar complaint of the overruling of defendants' motion for judgment non obstante veredicto, and Number Three, of the overruling of the defendants' motion for new trial. Points of error so framed have been held to be not in compliance with Rule 418, T.R.C.P. Hudspeth v. Hudspeth, Tex.Civ.App., 206 S.W.2d 863. Appellants' remaining thirty points of error are multifarious and argumentative. Many such points individually consume several printed pages of the brief. They embrace not one specific ground of error, but many general grounds. Points so framed have likewise been held to be not in compli-

ance with the stated rule. Even under the most liberal construction of the briefing rules, appellants' brief fails of even substantial compliance therewith, and renders most difficult, if not impossible, the preparation of an opinion complying with the spirit of Rule 453.

CODY, Justice.

I concur in the main opinion and in the concurring opinion of Chief Justice HAMBLEN, and desire to point out that in my opinion Rule 431, T.R.C.P. is available to appellants upon their motions for rehearing to clarify and bring their points within reasonable compass to the end that specific rulings upon the merits of specific points may be rendered, and the Supreme Court thereby enabled to readily rule upon the merits from this Court's opinion and appellants' application for writ of error, should it come to that.

On Appellants' Motion for Rehearing

PER CURIAM.

Appellants have availed themselves of the provisions of Rule 431, T.R.C.P. and have, with leave of court, filed in support of their motion for rehearing an amended brief, which, it is recited, is designed to be a complete presentation within itself of the points upon which this appeal is predicated, and have requested such amended brief be considered in lieu of the original brief filed herein.

Eleven points of error are presented in the amended brief. By their first point appellants assert that this Court is in error in assuming that the opinion rendered by it on the former appeal of this case is determinative of the issues now involved. The former appeal was from a judgment of the trial court rendered at the conclusion of the evidence offered by the plaintiff upon motion made by the defendants, who are now appellants. The effect of that judgment was to declare the contract between appellants and appellee capable only of that construction contended for by appellants as a matter of law. Our opinion on that former appeal is reported in 244 S.W.2d 359. Therein will be found a statement of the facts giving rise to this litigation, together with a copy of the contract upon which the suit is based. This Court held in that opinion that the written contract between the parties was not free of ambiguity; that fact issues were presented which should have been passed upon by a jury; that as a matter of law appellant (now appellee) was entitled to participate in the profits earned by his employers; that jury issues were raised as to the intention of the parties with respect to the profits to be participated in by appellant (now appellee) with respect to (1) excessive claims reserves, (2) equities in unearned premium reserves, (3) the profit of Lloyds Casualty Insurer by way of dividend, if any, on the stock of Metropolitan Credit Insurance Company, and (4) the 1948 profit, if any, of Metropolitan Credit Insurance Company. The trial court's judgment was reversed and the cause remanded for the determination of such issues. The Supreme Court refused an application for writ of error, n. r. e. On the present appeal the same written contract is again before the court. Without assuming that it is bound by its former opinion, this Court reaches the same conclusions as to the construction to which the contract is susceptible and the fact determinations necessary thereto. Appellants' first point is accordingly overruled.

Appellants' second point asserts that the contract is clear and unambiguous and not capable of such construction as would permit profits to include the four items numbered above. For the reasons set forth in our former opinion, the legal effect of which was, at least, approved by the Supreme Court, appellants' second point is overruled.

By their answers to special issues Nos. 1 through 7, the jury found that it was the intention of the parties that appellee would, in the event of termination of the contract without cause, participate in profit repre-

sented by the increase, if any, in unearned premium reserves of the appellants, Lloyds Casualty Insurer, General Mutual Insurance Company and American Casualty Co.; that there was such an increase between January 1, 1946 and December 31, 1948 which resulted in a profit to the named appellants; that 35% of such increase was net profit; that it was the intention of the parties that appellee, upon termination of the contract without cause, should participate in profit in the form of excessive claims reserves; that such reserves exceeded liabilities for undisposed of claims and that the net profit resulting therefrom amounted to $197,593.96.

■ By point 3 appellants complain that the issues submitted and the findings made were not ultimate issues and findings and should consequently be disregarded. This objection to the issues submitted does not appear to have been made by appellants to the trial court and must, under Rule 274, T.R.C.P., be deemed waived. The answers of the jury are sufficient to support the findings which it must be presumed that the trial court made in support of its judgment.

Appellants' point 4, wherein they assert that there is no evidence to support the jury's finding on issues Nos. 1 through 7, is likewise overruled. This Court declared such issues to be raised by the evidence on the former appeal. That same evidence is present in the record now presented.

■ Point 5 is directed to the form of the issues submitted which inquired as to the profits in reserves for a period ending December 31, 1948, when it is undisputed in the record that the contract sued on was terminated on December 28, 1948. On the former appeal, under the same fact situation as to which the same contention was made, this Court expressly held that appellant, who is now appellee, was entitled to participate in profits earned by his employers during the calendar year 1948. The Supreme Court approved that construction of the contract.

■ By point 6 appellants complain that the judgment is erroneous because it allows recovery of profits by appellee directly in conflict with an express provision of the contract to the effect that the determination of the chief accountant of Lloyds is to be final and conclusive on the amount of net profits. The contract contains a further provision that 12½ percent. of any profit ascertained to have been earned should be paid within thirty days after the end of the year and in no event later than March 1st of the year following, and further provided that such profits were to be ascertained and certified by the chief accountant of Lloyds. The record discloses that appellants failed to furnish appellee with a certificate as to the amount of profit earned, but on the contrary, rested their defense primarily upon the contention that under the proper construction of the contract appellee would not be entitled to participate in profits whether earned or not. Appellants cannot rely upon a provision of the contract, the terms of which, under a construction which this Court finds to be correct, they have themselves breached.

■ In his trial pleadings appellee alleged that on or about May 1, 1947, he entered into an oral agreement with appellant, Metropolitan Credit Insurance Company, to the effect that the written contract with Lloyds should be applicable to the employer-employee relationship between appellee and Metropolitan Credit Insurance Company. He further alleged that that company made a profit during 1948 of $89,829.46, in which he was entitled to participate to the extent of 12½ percent. In response to special issues No. 8, No. 8-a and No. 9, the jury found that such oral agreement was made; that it was made on August 22, 1946 and that the net profit of Metropolitan Credit Insurance Company during 1948 was $69,151.20. By points 7 and 8 appellants attacked these findings, their contention being that there is a fatal conflict between the allegations as to the date of the contract and the date found by the jury and that there was insufficient evidence to support the finding as to the

amount of the profits. Both points are overruled. Appellants, in their pleadings, denied that any oral agreement had been made on May 1, 1947, or any other date. Appellee's testimony was to the effect that a proposed written employment contract was prepared on August 22, 1946, but was not executed and that there followed negotiations culminating in the verbal agreement that his employment would be under the terms of the existing written agreement between him and Lloyds. This evidence supports the finding that an oral agreement was made. Under the theory upon which appellee bases his suit the discrepancy between the date alleged and that found by the jury is immaterial. Either date supports the judgment rendered. As to the amount of profits found by the jury, appellee testified that Metropolitan Credit Insurance Company received a profit of $89,829.46. In their brief appellants called attention to the concessions made by appellee upon cross-examination, the effect of which was to acknowledge that certain deductions should be applied to the amount of profits to which he had testified. The record is voluminous. After our examination of it, with particular attention to the deductions which appellee conceded should properly be allowed, we find that the evidence supports the jury finding of profits in the amount of $69,151.20.

Appellants' remaining points are directed to jury argument made by appellee's counsel, which appellants contend was so inflammatory and prejudicial as to constitute reversible error. Point 9 is directed to that portion of the argument wherein appellants' officers and executives were accused of treachery, concealment of profit, manipulation, fixing of books and juggling claims reserves. No objection appears to have been made at the time of argument. In view of the nature of the controversy and the type of proof offered, this Court is of the opinion that the argument is not of the type, the harmful effect of which could not be cured by proper objection and request for instruction from the trial court. Point 10 complains of argument by counsel of appellee in which reference was made

to the holding of this Court on the former appeal of this case. The record reflects that there had been offered in evidence an order of the trial court entered during the first trial of the case wherein an audit of the records of appellants had been ordered. Appellants' counsel, in his argument to the jury, suggested that such order be used by the jury as a guide in making its findings. In answer appellee's counsel stated that such order had been held to be incorrect and that such holding had necessitated the retrial then in progress. Upon objection made, the trial court instructed the jury not to consider the remarks of counsel. The trial court qualified the bill of exceptions by noting that the argument of appellee's counsel had been invited. We hold that such qualification is justified by the record and that, in any event the harmful effect of the argument was cured by the court instruction.

Point 11 is directed to asserted prejudicial argument made by counsel for appellee, wherein it was stated that "these fellows, skilled in the insurance business, had already made a fortune." Upon objection the trial court instructed the jury to be guided by the evidence and not by the remarks of counsel. Counsel for appellee thereupon explained his remarks as not being directed exclusively at appellants but as necessarily including appellee who had participated in the business and the success thereof. The harm, if any, of the argument was cured by the court's instruction, especially in view of counsel's explanation, the truth of which is self-evident.

The judgment appealed from was rendered at the conclusion of a retrial of this case, in accordance with the opinion of this Court on the former appeal. Certain asserted errors, which were brought up by points of error in appellants' original brief, have been omitted from the amended brief and presumably have been abandoned. Our attention has been directed to no error which requires reversal of the judgment.

Appellants' motion for rehearing is, therefore, refused.