**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**TEXAS STEEL ERECTION COMPANY, Appellee.**

No. 13721.

Court of Civil Appeals of Texas.

San Antonio.

March 1, 1961.

Rehearing Denied March 29, 1961.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

Schweppe, Schweppe & Allison, San Antonio, for appellee.

BARROW, Justice.

This is a suit by appellant, a workmen's compensation insurance carrier, against appellee, a subscriber under the workmen's compensation law, to recover premiums upon workmen's compensation insurance and liability insurance policies issued by appellant to appellee. The trial was to a jury and, after a verdict, judgment was rendered for appellant and against appellee for the sum of $3,635.94, plus interest thereon, and the further sum of $700, attorney's fees, less an offset in the sum of $2,294.76, plus interest thereon.

The policies involved were issued to cover appellee's operations in the State of Texas, however, appellee entered into a sub-contract to install machinery for Ideal Cement Company in some cement silos at Fort Collins, Colorado, and obtained a rider for its workmen's compensation policy covering said work. The work was begun in November, 1956, and completed in July, 1957.

There is no contention in the appeal that appellant is not entitled to recover the amount it sued for. This amount represents additional premiums brought about by reason of reclassification of employees on various jobs in the State of Texas, because appellee failed to keep sufficient records from which proper classification could be determined. The only question is whether or not appellee is entitled to the offset allowed in the judgment. The offset claimed by appellee is by reason of its claim that appellant overcharged in classifying its employees on the Colorado job. It contends that its employees should be classified "Millwright" workers, whereas appellant contends that appellee did not furnish records necessary for premium computation on the basis of the policy, and that it had the right to classify appellee's employees at the highest rated classification applicable to the job or location because appellee's records did not show that separate payroll records were kept for each classification on the job. Appellant contends that the highest classification applicable to the Colorado job is that of "iron and steel erection." Thus, if appellant is entitled to classify appellee's employees as "iron and steel erection" workers, appellee would not be entitled to the offset, but if not, then they should be classified "millwrights" and appellee is entitled to the offset.

The policy involved contained the following provisions:

"The insured shall maintain records of the information necessary for premium computation on the bases stated in the declarations, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct. If the insured does not furnish records of the remuneration of persons within division (b) of the definition of remuneration foregoing, the remuneration of such persons shall be computed in accordance with the manuals in use by the company.

"The premium stated in the declarations is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the rules, rates, rating plans, premiums and minimum premiums applicable to this insurance in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the premium previously paid, the insured shall pay the excess to the company; if less, the company shall return to the insured the unearned portion paid by the insured. All premiums shall be fully earned whether any workmen's compensation law, or any part thereof, is or shall be declared invalid or unconstitutional."

Each policy refers to Texas Compensation Manual promulgated by the Board of Insurance Commissioners under authority of Article 5.55, Texas Insurance Code, V.A.T.S. Section 4 of "Classification Procedure", page R5 of the Manual, reads as follows:

"4. Construction or Erection Work. If a risk includes construction or erection work, division of payroll shall be made for each separate and distinct type of construction or erection operations which is specifically described by a manual classification provided separate records of payroll are maintained and provided the use of any such classification in connection with a separate job or location is not restricted by a specific or general N.P.D. qualification. Operations for which no separate records of payroll are maintained shall be assigned to the highest rated classification applicable to the job or location. Operations, which normally prevail in connection with a manual classification shall not be subject to division of payroll."

The jury found that the governing classification of work, as defined in the Texas Compensation Manual, performed by appellee on the Colorado job was "millwright work."

The jury also found that appellee failed to furnish to appellant records necessary for premium computation on said job.

Appellant contends that appellee having failed to furnish such records, that the jury finding of millwright work became immaterial, and that notwithstanding such finding appellant had the right to re-classify appellee's employees to the highest classified rate applicable to the job, which it contends was "iron and steel erection." We overrule that contention.

■ It is settled in Texas, that in determining the classification rate of employees under the workmen's compensation laws, it is the type of work actually done by such employees, and not the class of work described in the declaration which is determinative. Maryland Casualty Co. v. Sullivan, Tex., 334 S.W.2d 783. The same principle was followed in the California case of Taliaferro v. Insurance Commission, 142 Cal.App.2d 487, 298 P.2d 914, cited by appellant, wherein the evidence showed that there had been a complete interchange of the insured's employees from one type of employment to another. The workmen reported in one classification were put to work in a more hazardous job which carried a higher classification rate. It was held under such circumstances that

it was proper to re-classify the employees according to the work actually done and not according to the declaration.

It is undisputed that E. H. Conrad and a Mr. Rheiner had a contract to build fifteen silos for Ideal Cement Company in Fort Collins, Colorado, and that appellee had a sub-contract to install the machinery. Only three witnesses testified as to the kind or classification of the work done by appellee on the job. M. E. Jacobson, president of appellee, testified that the classification for the work done by appellee was "millwright work". H. H. Higdon, appellee's superintendent on the Colorado job testified that there was no steel erection on the job. E. H. Conrad, general contractor, testified that appellee's contract was to install machinery. "That did not include reinforcing steel. * * * We did that ourselves." He further testified, speaking of appellee's part of the work, as follows:

"A. There wasn't any, strictly speaking, I don't believe you could count that there was any structural steel, such as what the average layman would consider structural steel. That is, columns, girds, trusses, purlins, and that description of material. There is one item in there of hopper bottoms, that I couldn't personally, myself, I couldn't tell you whether it would be counted as structural steel or whether it would be counted as miscellaneous iron.

"Q. Or millwright?

"A. Well, the millwright's job is any machinery that you have got to set, the millwright has got to do it in a strictly union operation. And that was strictly union. And any machinery

that was set, a millwright had to set it. However, I think Mr. Jacobson, or Texas Steel Erection Company, did a good portion of it with ironworkers because there weren't enough millwrights available, so they did the best they could at a higher rate of pay, I believe, than millwrights worked."

Appellant offered no evidence to show that any of the work done by appellee was the type of work which would carry a higher classification than millwright work. Therefore, appellant's raising appellee's employees from the classification of "millwright" to that of "iron and steel erection" was unauthorized.

Appellee contended in the trial court and contends here, that the payment of the increased premium was under protest, appellant having threatened otherwise to cancel the policy. On the other hand, appellant contended in the trial court that such payment was to settle a dispute as to the proper classification, and was an accord and satisfaction of said dispute. The jury found against appellant on this issue.

We are of the opinion that before appellant would be authorized to raise the classification of appellee's employees to the higher classification, provided for a more hazardous risk, it must be shown that at least some of the employees were doing the more hazardous work. No such issue was submitted. Appellant did not request such an issue nor except to the charge for failure to include such an issue. Appellant, therefore, waived such finding. Rule 279, Texas Rules of Civil Procedure.

Finding no error, the judgment is affirmed.