E. C. SUTHER et ux., Appellants,

v.

STATE of Texas, Appellee.

No. 4368.

Court of Civil Appeals of Texas.

Waco.

Oct. 21, 1965.

Rehearing Denied Nov. 10, 1965.

Mac L. Bennett, Jr., Normangee, for appellants.

Waggoner Carr, Atty. Gen., Fred Spence, Asst. Atty. Gen., Claude Hodge, Jr., Asst. Atty. Gen., Austin, for appellee.

McDONALD, Chief Justice.

This is a condemnation case instituted by the State of Texas to condemn for high-way purposes *6.147* acres of land, together with an easement across *0.459* of an acre; and an easement across *0.516* of an acre; all out of a *60.25* acre tract owned by defendant. Trial was to a jury which, in answer to special issues, found: 1) The reasonable cash market value of the *6.147* acres taken was *$1844.10;* 2) The market value of defendants' land not taken was not decreased in value as a result of the taking of the *6.147* acres. No issues were submitted or requested as to the value of the 0.459 acre or the 0.514 acre easements across defendants' land. The trial court rendered judgment for the State for the fee simple title to the 6.147 acres, as well as for easements across the 0.459 and 0.514 acre tracts. Judgment was rendered for the defendant for $1844.10 as a full and complete compensation as a result of the suit. The court further found that the State had deposited $6420.10 in the registry of the court, being the amount of the Special Commissioners' award and that defendant had withdrawn same on December 13, 1962; and entered judgment for the State for $4576.00 (the difference in $1844.10 and the $6420.10 deposited), together with interest at 6% from December 13, 1962 until paid.

Defendant appeals on 14 points, contending:

1) The trial court erred in entering judgment, since defendant denied that jurisdictional prerequisites of the County Court had been complied with, and plaintiff failed to prove the prerequisite jurisdictional facts.[1]

2) The trial court committed fundamental error in rendering judgment for plaintiff for the 0.459 and 0.516 acre easements since no issues were submitted or requested, as to the value of such easements; and such taking is without

---

1. The jurisdictional requirements necessary to be proved by the State unless jurisdiction or State's right to condemn admitted by defendant are: 1) Application; 2) Minute of Highway Commission; 3) Order of County Court appointing Special Commissioners; 4) Oath of Commission-ers; 5) Notice of hearing issued by them and served on defendant; 6) Award of Commissioners; 7) Objections to award and prayer for trial by jury. See Sec. 84, p. 310, Rayburn, Texas Law of Condemnation.

compensation to defendants and violative of the Constitutional prohibition against taking of property without compensation.

3) There is no evidence, or insufficient evidence, to sustain the judgment as entered.

Defendants' 1st contention is that the trial court erred in rendering any judgment (except a judgment of dismissal), since defendants denied that the jurisdictional prerequisite of the County Court had been complied with, and plaintiff failed to prove the prerequisite jurisdictional facts. After the Commissioners made their award, the State deposited such in the registry of the Court, and defendants withdrew the same. After an award had been made by the Commissioners, and the money deposited in the registry of the Court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. Therefore, no jurisdictional question is involved. State of Texas v. Jackson, Sup.Ct., 388 S.W.2d 924.

Defendants' 2nd contention complains of the trial court's rendering judgment for the State for the 2 easements when no issues as to their value were submitted. Defendants say this is fundamental error and is violative of the Constitutional prohibition against taking of property without compensation. The burden was on defendants to prove the value of the land taken and if dissatisfied with the issues submitted by the court, to request the issues deemed proper. This defendants did not do. State of Texas v. Jackson, supra; State v. South Main Baptist Church, CCA (n. r. e.), 361 S.W.2d 898; Jacobs v. State, CCA (n. w. h.), 384 S.W.2d 438; Rule 279 Texas Rules of Civil Procedure.

Defendants' 3rd contention is that there is no evidence, or insufficient evidence, to sustain the judgment as entered.

The finding that the 6.147 acres taken were worth $1844.10 is supported by ample evidence. The evidence on the value of this tract ran from $1405 to $8458. We think under the evidence the jury authorized to find the value that they did, and that such finding is not against the preponderance of the evidence. The judgment contains no finding as to the value of the 2 easements, but as noted, it was defendants' burden to request issues on the value of their property taken.

However the State in its brief indicates the evidence reflects such easements have a value of $175 and that it is willing to pay such amount.

All of defendants' points and contentions are overruled. The judgment of the trial court is reformed crediting defendants with the amount of $175, and as reformed is affirmed.

Reformed and affirmed.