**512**

W. W. DOSSEY et ux., Appellants,

v.

UNITED GAS PIPE LINE COMPANY,
Appellee.

No. 341.

Court of Civil Appeals of Texas.

Tyler.

Oct. 10, 1968.

Rehearing Denied Nov. 14, 1968.

Colley & Lloyd, Paul S. Colley, Henderson, for appellants.

Vinson, Elkins, Weems & Searls, Jarrel D. McDaniel and Ewing Werlein, Jr., Houston, for appellee.

SELLERS, Justice.

This is a condemnation case in which United Gas Pipe Line Company, appellee, condemned a strip of land 30 feet in width and 1,993 feet long, amounting to 1.373 acres of land.

The land condemned belonged to W. W. Dossey and wife and was part of a 266 acre tract of land near the City Limits of Nacogdoches, Texas. Appellee, in its pleadings, admits that the only issue for the Court to determine was the value of the land taken, and the damages to the remainder.

After hearing the evidence the Court submitted four issues to the jury as follows, with the answers of the jury thereto:

"SPECIAL ISSUES NO. 1

"From a preponderance of the evidence, what do you find was the market value of the strip of land (1.373 acres tract) over which an easement was condemned by United Gas Pipe Line Company for pipe line purposes immediately before it was condemned on September 10, 1965?

"Answer in Dollars and cents.

"ANSWER: $720.82

"SPECIAL ISSUE NO. 2

"From a preponderance of the evidence, what do you find was the market value of the strip of land (1.373 acres tract) over which an easement was condemned by United Gas Pipe Line Company for pipe line purposes immediately after it was condemned on September 10, 1965?

"Answer in dollars and cents.

"ANSWER: $72.08

"SPECIAL ISSUE NO. 3

"From a preponderance of the evidence, what do you find was the market value of the remainder of the Defendant's land exclusive of the 1.373 acre tract immediately before the easement and right of way over the 1.373 acre tract was condemned on September 10, 1965?

"Answer in dollars and cents.

"ANSWER: $139,086.67

"SPECIAL ISSUE NO. 4

"Excluding increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by the Defendants in common with the community generally and not peculiar to them and connected with their ownership, use and enjoyment of the particular tract of land across which the easement and right of way consisting of 1.373 acres has been condemned, and taking into consideration the uses and purposes to which said 1.373 acre tract condemned, is to be subjected, what do you find from a preponderance of the evidence was the market value of the remainder of Defendant's tract of land exclusive of the 1.373 acre tract, immediately after the taking of the easement and right of way over the strip of land (1.373 acre tract) condemned for pipe line purposes on September 10, 1965?

"Answer in dollars and cents.

"ANSWER: $139,086.67."

No objections or exceptions were made to these issues as submitted and no requests for additional issues by appellants.

The trial court entered judgment for appellee based on the jury's verdict for the sum of $648.74. From this judgment, appellants have duly prosecuted this appeal.

By a number of assignments of error, appellants assert that the jury's findings are without any evidence to support them and are against the overwhelming weight and preponderance of the evidence.

The easement crosses the 266 acre tract of land of appellants in a way that cuts off two strips of land from the main body of the 266 acre tract. These strips are around 9 acres each. The 266 acre tract, at the time of appellee's taking of 1.373 acres, was farming land, used mostly for grazing of livestock. There was evidence that the 266 acres was so located that it could be used for subdivisions—residential purposes. This fact does not find much dispute in the evidence, but when it might be needed for this purpose was not brought out in the evidence. The testimony was to the effect that this land was no more suitable for residential purposes than was thousands of acres around the city of Nacogdoches for the same purpose.

The witnesses who testified as to the value of the land, including the appellants Dossey, gave the following evidence:

|  | 1. 1.373 ac. Before | 2. 1.373 ac. After | 3. Remainder Before | 4. Remainder After |
|---|---|---|---|---|
| Dossey | $961.10 | $ 96.11 | $185,448.90 | $162,848.90 |
| Monk | 823.80 | 82.38 | 158,956.20 | 143,060.58 |
| Simpson | 822.00 | 137.00 | 158,400.00 | 146,350.00 |
| Owens | 672.77 | 100.92 | 129,814.23 | 129,814.23 |
| Middlebrook | 481.00 | 48.00 | 92,724.00 | 91,449.00 |
| Verdict | 720.82 | 72.08 | 139,086.67 | 139,086.67 |

It will be observed that the jury's verdict is well within the evidence given on the trial. In fact, the verdict of the jury is near halfway between the highest value of the witnesses and the lowest value.

We are of the opinion the evidence fully supports the verdict of the jury. City of Corpus Christi v. Nemec, Tex.Civ.App., 404 S.W.2d 834.

We take appellants' fourth assignment from their Brief:

"FOURTH POINT: That the Judgment entered in the Court below deprives Appellants of a valuable property right

without adequate compensation therefor for the reason that no damages were awarded to appellants therein for the rights, privileges, rights-of-way and easements awarded Appellees by such judgment over and across Appellants' remainder lands, contrary to the provisions of Vernon's Annotated Texas Constitution, Article 1, Section 17. * * *"

We do not agree that the judgment has this effect, but if it does, the appellants are in no position to complain on this appeal since they failed to request any issue on this phase of the case to be submitted to the jury, and therefore waived any right they had to such recovery. Suther vs. State, Tex.Civ. App., 395 S.W.2d 871, and authorities therein cited.

Finding no reversible error in the judgment of the trial court, the judgment is affirmed.