Sam OLSON, Jr., et al., Appellant,

v.

HARRIS COUNTY, Appellee.

No. 01–89–00277–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 13, 1990.

Bruce D. Mosier, for appellant.

Clarissa Kay Bauer, Asst. County Atty., Harold M. Streicher, Asst. County Atty., Houston, for appellee.

Before HUGHES, BASS and O'CONNOR, JJ.

## OPINION ON MOTION FOR REHEARING

HUGHES, Justice.

Our opinion of July 12, 1990 is withdrawn, and the following substituted in its place. We overrule appellant's motion for rehearing.

This is an appeal from a judgment in a bench trial of a condemnation proceeding.

The State condemned 4,245 square feet of the Olson's real property and paid the Olsons $33 per square foot, totaling $140,085. The remaining property of the Olsons was adjacent to the condemned tract, and consists of 119,420 square feet of land. After a nonjury trial, the trial court found that there was no legally compensable damage to the remainder of the Olson's land. The court further found that the noncompensable damages claimed by the Olsons was three dollars per foot.

In his first point of error, the appellant argues that the trial court erred in finding that the damage to the appellant's remaining land was not compensable as a matter of law. Appellant argues that the very fact that the ramp in front of the remainder is extraordinarily high and steep, and very close to appellant's remainder establishes damages to the remainder, which are compensable and not shared by the community. Appellant relies on the testimony of Tom Edmonds, that no other tracts in the area have the type of entrance ramp as that in front of appellant's remainder, to be dispositve of the issue.

■■■ The Texas Property Code provides that the effect of condemnation on the value of the property owner's *remaining* property shall be included in determining damages to the owner of condemned property. TEX.PROP.CODE ANN. § 21.042 (Vernon 1984). An injury or benefit, which is peculiar to the property owner and relates to the property owner's ownership, use, or enjoyment of the land, may be considered in estimating damages. TEX. PROP.CODE ANN. § 21.042(d) (Vernon 1984). However, an injury or benefit experienced in common with the general community may *not* be considered in estimating damages. *Id.* Community injuries include highway traffic noise, dust, traffic hazards, and circuitous routes; those injuries are not compensable. *See e.g., State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex. 1988); *State v. Wilson,* 439 S.W.2d 134, 139 (Tex.Civ.App.—Tyler 1969, no writ); *State v. South Main Baptist Church,* 361 S.W.2d 898, 901 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.).[1] Furthermore the burden rests with appellant to establish the nature of the damage, the effect upon various portions of the tract and the relationship of the same to market value. *South Main Baptist Church,* 361 S.W.2d at 901.

At trial, Albert Allen, an independent appraiser,[2] testified that there was no damage to the Olson's remainder by the project built on their condemned property. He based his opinion on the fact that similarly located properties in the neighborhood, including sales of property which faced the elevated freeway, had higher sales than what he estimated for this particular property.[3] Allen further testified that the best

---

**1.** The damages to a tract of land remaining after partial condemnation of land are determined by ascertaining the difference between its market value immediately before and after the appropriation, taking into consideration the nature of the improvement, the use to which the land taken is to be put, and all circumstances which tend to increase or diminish the present market value. *City of Pearland v. Alexander,* 483 S.W.2d 244, 247 (Tex.1972). The recovery is for damages which reasonably could have been foreseen and determined at the time of condemnation. The willing seller, willing buyer test of market value is applied. *Id.*

**2.** Mr. Allen runs an appraiser's office, supervising 14 other appraisers, teaches appraisal classes locally, speaks at eminent domain seminars, and is an MAI appraiser, which is the equivalent of an accountant with a CPA.

**3.** These properties were on corners, and were not located where the freeway was as high as

use of the property would be to wait for future market development and build a medium high rise building.

Olson testified that the amount of noise from the highway had increased since the ramp was built, and that he thought there was a danger of flying debris from the ramp. Dust, noise and traffic hazards incident to the use of the ramp cannot be considered in determining diminution in value to the remainder as each of those annoyances are shared in common with the surrounding property owners. *Id.* at 901–902. And while we can appreciate appellant's concern regarding the danger of flying debris, caused by traffic, we cannot equate his mere anticipation of such, with actual occurrence. Furthermore, our reading of the record indicates Olson testified each of the alleged impairments were shared by all property owners along the overpass frontage.

After hearing all the evidence the trial court determined that the decrease in value, if any, to appellant's remaining land was of a type shared in common with the community generally. Upon application of the law to the factual determinations, TEX. PROP.CODE ANN. § 21.042(d) (Vernon 1984), the trial court concluded that such damages were not compensable by law. We hold that the trial court did not err in concluding that damages shared by the community were not compensable as a matter of law. *Wilson,* 439 S.W.2d at 136–137.

In his second point of error, the appellant complains that the court erred in denying the appellant's motion for a new trial because no evidence supports the trial court's judgment, and the judgment is against the great weight and preponderance of the evidence. Specifically, the appellant argues that there is no evidence supporting the trial court's finding that the noncompensable damages to the remaining land were three dollars per square foot.

Because we have ruled the trial court did not err in finding that any diminution in value to the remaining land was not compensable as a matter of law this point is

moot. *Wood Oil Distrib.,* 751 S.W.2d at 865; *Wilson,* 439 S.W.2d at 139; *South Main Baptist Church,* 361 S.W.2d at 901.

In his third point of error, the appellant argues that the trial court erred in refusing to strike the testimony of Allen, because his opinion was improperly founded and he testified on matters not furnished in response to discovery requests.

The appellant did not object to Allen's testimony until Allen finished testifying, and was excused as a witness. At that time, the appellant objected that 1) Allen did not use the proper method of estimating the highest and best use of the property, or the market value; and 2) the appellant did not know that Allen would testify regarding sales of property on the north side of the Katy Freeway. The trial court overruled the appellant's motion to strike Allen's testimony, holding that the objection was waived.

The failure to timely object to the introduction of evidence promptly and correctly results in a waiver of the objection. *Metropolitan Life Ins. Co. v. Duncan,* 566 S.W.2d 351, 352 (Tex.Civ.App.—Fort Worth 1978, no writ).

We find that the appellant's objection was waived, and overrule his third point of error.

In his fourth point of error, the appellant argues that the trial court erred in refusing to admit testimony and a videotape concerning the economic impact of elevated ramps abutting the Gulf Freeway on adjoining properties.

To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error was calculated to cause and probably did cause rendition of an improper judgment. *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Reversible error does not usually occur in connection with rulings on questions of evidence unless the appellant can demonstrate

the connector ramp in the area of the Olson property.

that the whole case turns on the particular evidence that was admitted or excluded. *Id.*

 Without a statement by the attorney or a bill of exceptions, this Court can only look to the record to glean the contents of excluded testimony. TEX.R.APP.P. 52. Otherwise, the complaint regarding the exclusion of the testimony is waived.

While the appellant has not presented a bill of exceptions on this testimony in the trial court, he stated that the testimony was not offered to show comparable sales. Appellant argues that the purpose of the excluded testimony was to study the impact of the construction of an elevated highway upon the value of property abutting the highway. Therefore, the value of the appellant's property would be diminished by the ramp built in front of it.

The appellant was able to present his theory of damage to the property through the testimony of Ray Woodard. Woodard testified regarding the negative economic impact of ramps to local businesses along the Gulf Freeway, and the State objected. The trial court overruled the objection, and the witness continued to testify to the same information regarding ramps along Beltway 8 and Interstate 10. When the witness began testifying about a third location, the State made a second objection, which was sustained.

 Based on Woodard's previous testimony, and the lack of a response by the appellant to the State's objection, we can assume only that the unadmitted testimony was along the same lines as previously admitted testimony. Assuming that the excluded testimony was similar to previous testimony, it was cumulative. Therefore, if the trial court did err in excluding further testimony, it was harmless. TEX.R.APP.P. 81(b)(1).

The other two references to the record by the appellant relate to his attempts to cross-examine the State's witnesses on the effect of other ramps, discussed by the State, to local businesses. Because they were not the appellant's witnesses, and there was no bill of exceptions concerning the impact of elevated ramps, there is no way to ascertain what their testimony might have been.

Further, the appellant has not shown that the case turns on the exclusion of the testimony or videotapes. Appellant's fourth point of error is overruled.

The judgment is affirmed.

BASS and O'CONNOR, JJ., also sitting.