Bush v. Becker 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-92-223-CV






SANDRA BECKER BUSH,



 APPELLANT


vs.






W. A. BECKER AND MARTHA BECKER,



 APPELLEES



 




FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NO. 4836, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING



 





 Sandra Becker Bush appeals from a county-court-at-law judgment restoring
possession of a horse, a horse trailer, a welding machine, and miscellaneous stable gear to her
father, W. A. Becker. Following a bench trial, the court rendered judgment returning the
various chattels to Becker, enjoining Bush from taking further legal action regarding the
chattels, and awarding Becker attorney's fees and postjudgment interest. 

 By one point of error, Bush contends the trial court erred in refusing to allow
her to testify at trial. Concluding that Bush failed to preserve any error, we will affirm the
judgment.



THE CONTROVERSY

 Becker is the registered owner of a quarter horse known as Copper Bugs Flight. 
In December 1990, Bush told Becker that she knew of a prospective buyer willing to pay
$7,500.00 for the horse, provided it could "run barrels." (1) Bush offered to take possession of the
horse, train it to run barrels, sell it for $7,500.00, and split the proceeds equally with Becker. 
Becker and Bush entered into an oral agreement, the purpose of which was to train and sell the
horse. The parties' contrary views concerning the terms of the oral agreement formed the basis
of the action below.

 Becker eventually sued Bush for breach of contract and conversion. At trial, when
Bush sought to testify, Becker objected on the ground that Bush had not identified herself in
response to written interrogatories as a person with knowledge of relevant facts. The trial court
ruled that it had no discretion to admit Bush's testimony, and that the sanction for failure to
disclose such information was exclusion of that testimony. At the conclusion of evidence, the trial
court rendered judgment in favor of Becker. Bush appeals, advancing a single point of error.



ANALYSIS


 Relying on three recent supreme court cases, (2) Bush contends that the trial court
erred in denying her the opportunity to testify in her own behalf. Because she failed to preserve
any error for appellate review, however, we have no occasion to weigh the merits of her
argument.

 A party is required to make an offer of proof in order to predicate error upon a
trial-court ruling that excludes evidence. Tex. R. Civ. Evid. 103(a). The offer must reveal to
the court the substance of the evidence excluded. Tex. R. Civ. Evid. 103(a)(2). Even when the
trial court bases its ruling excluding a witness's testimony on procedural grounds, rather than on
the substance of the testimony itself, a complaining party must nevertheless preserve its objection
through an offer of proof, or informal bill of exceptions. See Jones v. Kinder, 807 S.W.2d 868,
871-72 (Tex. App.--Amarillo 1991, writ denied). On the state of the record before us, there is no
indication that Bush made the trial court aware of the substance of her intended testimony.

 Some courts have held that, in the absence of a statement by the attorney or a bill
of exceptions, an appellate court may look to the entire record, including the motion for new trial,
to glean the contents of excluded testimony. See Frazier v. Frontier State Bank, 837 S.W.2d 392,
394 (Tex. App.--San Antonio 1992, no writ); Olson v. Harris County, 807 S.W.2d 594, 597 (Tex.
App.--Houston [1st Dist.] 1990, writ denied). Even if we were to extend our review to include
the motion for new trial, however, we would reach the same result. In her motion for new trial,
Bush assigned error to the trial court's refusal to allow her to testify at trial, but failed to reveal
the substance of the excluded testimony. Consequently, even under the extended review applied
in Frazier and Olson, we would have no basis by which to determine whether the trial court erred.



CONCLUSION


 Because Bush failed to preserve her complaint that the trial court erred in excluding
her testimony, we overrule her point of error and affirm the judgment below. 



 

 Bea Ann Smith, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: March 31, 1993

[Do Not Publish]

1. [1]  "Running barrels" refers to the rodeo sport of barrel racing, in which riders, generally
female, jockey horses around a course consisting of barrels.
2. [2]  The three cases are Henry S. Miller Co. v. Bynum, 836 S.W.2d 160 (Tex. 1992); Rogers
v. Stell, 835 S.W.2d 100 (Tex. 1992); and Smith v. Southwest Feed Yards, 835 S.W.2d 89
(Tex. 1992). In each case, the supreme court held it within the trial court's discretion to allow
a party to testify, even though the party had not been expressly identified as a potential witness
or person with knowledge of relevant facts in response to written interrogatories.