HAINES v. THE ST. LOUIS, DES MOINES & NORTHERN R'Y Co.

1. **Railroads**: RIGHT OF WAY: VILLAGE AND FARM LAND ADJOINING: DAMAGES. Where plaintiff owned a tract of land, partly within and partly without the limits of a city, and a part of the land was adapted to cultivation only, and another part was adapted for use as suburban residence property, and the defendant condemned a right of way for its road across that portion of the land adapted to suburban residences, and plaintiff appealed to the circuit court, where she claimed that the portion of the tract crossed by the railroad was specially valuable, not as farm land, but as property suitable for suburban residences, *held* that, since, on her own theory, the two portions of the tract were adapted to different uses, and were, in effect, devoted to different objects, they could not be regarded as constituting one property, and that she could not recover for damage to the whole tract, but only for the damages resulting to that portion of the tract which was shown to be adapted to suburban residences. BECK, J., *dissenting*.

*Appeal from Warren Circuit Court.*

FRIDAY, DECEMBER 5.

THIS is an *ad quod damnum* proceeding, instituted by defendant, for the condemnation of a right of way for its railroad across certain premises belonging to plaintiff. There was an appeal by plaintiff from the award of damages made by the commissioners appointed by the sheriff. The jury in the circuit court assessed plaintiff's damages at $2,200, and the court entered judgment on this assessment. Defendant appeals.

*Parsons & Runnells*, for appellant.

*William Phillips*, for appellee.

REED, J.—The tract of land across which defendant seeks by this proceeding to condemn a right of way is situated about two miles west of the city of Des Moines. A portion of it is within the incorporated town of Greenwood Park, (which is a subdivision of the city,) and the balance is imme-

diately south of said town. The tract consists of sixty or sixty-five acres. Before defendant constructed its road, two other railroads were constructed through the tract, running east and west through it. These roads are parallel with each other, and their rights of way join. Defendant's road runs in the same general direction with the others, and there is a strip of land about eight rods wide between the portion which it seeks to condemn and the right of way of the road lying next to it. About sixteen acres of the tract is south of the other two railroads. This land is what is called bottom land. It is in cultivation, and is farm land, and well adapted to gardening. Plaintiff's dwelling-house and other buildings are situated north of the two roads first constructed, and there is an orchard and vineyard and grove of walnut timber on this portion of the tract. Defendant's road is constructed through this tract. The right of way will occupy about five and one-half acres, and will include portions of the orchard and grove, and some of the trees were removed in the grading of the road. About ten acres of this tract is separated from the remainder by a public highway which runs through the premises. This ten acres is mostly timber or brush land, and is quite broken, and but a small portion of it has been cultivated; but it is inclosed with a fence, and has been used for pasture. The remainder of the tract north of the roads first constructed is also rolling land; but, with the exception of the portion occupied by the buildings and yards, and the orchard and grove, it is in cultivation. All of the land north of said railroads was capable, before defendant's road was constructed, of being subdivided and used for suburban residence property; and the evidence tends to show that there was a demand for that character of property, and that the tract was much more valuable because of its character in that respect, and of this demand, than it would be for agricultural or gardening purposes. The portion south of the railroads was not adapted to any use except farming and gardening, and it had no value except for those purposes.

On the trial, plaintiff was permitted, against defendant's objection, to introduce evidence tending to prove the extent to which the tract, as a whole, was depreciated in value by the appropriation of the right of way, and the jury were told in an instruction, in effect, that they should estimate plaintiff's damages with reference to the effect of the appropriation of the right of way on the value of the whole premises. These rulings are assigned as error. If the whole premises constituted a farm, and were improved and used as such, and had no value above that of farm land by reason of its adapt ability to any other use, the rule adopted by the circuit court would probably be the correct rule for ascertaining plaintiff's damages. But plaintiff did not seek to recover on the theory that the premises were simply a farm, or that they were valuable simply as farm land, and she was careful to prove that that portion lying north of the roads first built was specially valuable because of its adaptability to another use, and that the appropriation by defendant of its right of way through it had greatly impaired its value for that use.

We are of the opinion that, on plaintiff's theory as to the use to which the portion of the land through which defendant's road is built is adapted, and its special value because of its adaptability to that use, she is not entitled to have the effect of the appropriation of the right of way on the value of the agricultural land lying south of the railroads considered in the assessment of her damages. If a person owns village property and farm lands adjoining, and a portion of the village property is appropriated by a railroad company for right of way, it would hardly be contended that he is entitled to have the injurious effect which the construction of the railroad might have on the value of the farm lands considered and compensated for in the assessment of his damages because of the appropriation of the village property. But this is what, in effect, was done in this case. True, the premises are now used and cultivated as a farm, but plaintiff does not seek to recover on the theory that the portion through which the

appropriation was made is farm land; but her claim is that it is, in fact, suburban residence property, and that it is specially valuable because of its character in that respect; and she asks to be compensated for the depreciation of its value as such property in consequence of the appropriation of the right of way through it. The different portions of the property being adapted to different uses, and being, in effect, devoted to different objects, they cannot, we think, be regarded as constituting one property. If the farm land lying south of the railroads was injuriously affected by the construction of the road through the suburban property, the injury thereto is one which the plaintiff shares in common with other owners of land whose property is similarly situated. As no portion of that property is appropriated for the right of way, the law gives her no remedy for such injury.

Defendant insists that the "timber" or "brush" land ought not to be considered in connection with the other portion of the tract lying north of the railroads, in assessing the damages. But we think otherwise. The portion of the tract lying north of said railroads was all adapted to one use, and was all specially valuable because of its adaptability to that use, and was all injuriously affected by the appropriation of the right of way through it, and we think it should be treated as constituting but one property, and should be considered as such in assessing the damages. Other questions are argued by counsel, but the rulings we have considered constitute the only errors presented by the record.

REVERSED.

BECK, J., *dissenting*.