McLENNAN COUNTY et al., Condemnors and Appellants,

v.

Tom R. STANFORD et al., Condemnees and Appellees.

No. 3893.

Court of Civil Appeals of Texas.

Waco.

Sept. 21, 1961.

W. C. Haley, Waco, for appellants.

Dunnam & Dunnam, Waco, for appellees.

WILSON, Justice.

Condemnee in this partial-taking eminent domain proceeding owned tracts of 350 acres and 27½ acres, some distance apart. Several years before date of taking he purchased a long, narrow connecting strip of land joining these tracts in order to move his cattle between them for feeding, watering and grazing purposes, and "so he could tie them together and have an all-weather, year-around way to handle cattle." Each of the two tracts was contiguous to the connecting strip. The three parcels were all owned in fee by condemnee, and the evidence is undisputed that all this land was operated in its entirety as one unit for the single purpose. The narrow parcel condemned for highway purposes is taken from the 27½ acres, and severs practically all of the latter from the strip which had joined it to the 350-acre tract. There is no controversy as to these facts.

The court elicited findings from the jury as to value of the total remainder of condemnee's land (including the 350 acres, the connecting strip and the residue of the 27½ acres) before and after the taking, basing judgment on the difference. Condemnor says this was error; that the 350 acres was a separate parcel, and damages thereto were not recoverable as a matter of law; or, alternatively, the question of whether the tracts were a unit was a fact issue and should have been submitted to the jury.

■■ The law seems to be firmly settled against the contentions. Where separate, but contiguous tracts are integral parts of an entity under common ownership in such physical and functional relationsihp that they are joined by unity of use by the same proprietor into a single property, they will be treated as a whole in assessing damages to the remainder in the taking of a part. Southwestern Public Service Co. v. Goodwine, Tex.Civ.App., 228 S.W.2d 925, 928, writ ref., n. r. e.; City of Denton v. Hunt, Tex.Civ.App., 235 S.W.2d 212, 215, writ ref., n. r. e.; Gulf C. & S. F. Ry. Co. v. Payne, Tex.Civ.App., 308 S.W.2d 146, 150; Texas Elec. Service Co. v. Linebery, Tex. Civ.App., 327 S.W.2d 657, 662, writ dis.; Concho, S. S. & L. V. Ry. Co. v. Sanders, Tex.Civ.App., 144 S.W. 693; United States v. 2477.79 acres, 5th Cir., 259 F.2d 23, 27; West Virginia Pulp & Paper Co. v. United States, 4 Cir., 200 F.2d 100, 104; 4 Nichols, Em.Domain (3rd ed.) Sec. 14.3, pp. 426–439; Rayburn, Texas Law of Condemnation, pp. 455–460; Orgel, Valuation Under Em.Domain, Sec. 47; 6 A.L.R.2d 1202–1207; 22 Tex.Jur.2d, Sec. 152, p. 247.

We recognize the rules stated in authorities relied on by appellant, but they are not applicable here. The distinction between the present case in which the facts are undisputed, and Texas-New Mexico Pipeline Co. v. Linebery, Tex.Civ.App., 326 S.W.2d 733, in which the El Paso Court held a fact issue was presented as to whether parcels were separate, is pointed out by the same court in the second Linebery case, 327 S.W. 2d at page 662. In our case there is not more than nominal division between the 27½ acres, the connecting tract, and the 350 acres. In Pennsylvania Co. For Insurance on Lives & Granting Annuities v. Pennsylvania S. V. Ry. etc. Co., 1892, 151 Pa.St. 334, 25 A. 107, cited by appellant, separate tracts were joined only by an alley, a public way over which defendant had an easement. One tract was his home; the other was a realty subdivision, and there was no unity of use.

The foregoing holding makes immaterial appellants' third point urging that if damages were not recoverable for diminution in value of the 350-acre tract, there was no basis for assessing such damages to the remainder of the 27½ acres. The judgment is affirmed.