Marvin **CALVERT** et al., Appellants,

v.

**CITY OF DENTON**, Texas, Appellee.

No. 16477.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 7, 1964.

Rehearing Denied Feb. 28, 1964.

William Petty and DeWitt O. Dunaway, Dallas, for appellants.

Lee E. Holt, Denton, for appellee.

LANGDON, Justice.

A condemnation suit was instituted by the City of Denton to condemn a ten foot by seventy foot strip out of one lot for an easement in the construction and maintenance of electric power pole guy wires and anchors. Appellants are the owners of the lot upon which the easement lies and four additional lots all of which are contiguous and adjoining. The trial court limited the appellants' recovery to the value of the strip condemned plus damages to the remainder of the single lot upon which the easement lies.

The principal issue before this Court concerns the right of appellants to recover damages to the remainder of all five lots as a single tract of land rather than to be limited to the remainder of the single lot. The case is submitted upon an agreed statement as follows: The appellants are the owners of the five adjoining and contiguous lots which

are nominally divided by lot lines appearing on maps or plats. There are no physical divisions. Driveways lead from the street to the garage or parking area of each lot. Each lot was acquired by a separate transaction at a different time from a different vendor and is rendered separately for taxation. A single family dwelling house, rented and occupied by separate tenants and used as a single family home, is located on each of four of the lots. The fifth lot is devoted to a business use by one of the appellants.

The parties further agree that: The highest and best use of the property would involve the use of all five lots as a single tract and that the appellants have sustained damages to the remainder of the property considered as a single tract additional to the damages to the remainder of the single lot. Reversed and remanded.

Article 3265 (subd. 3), Revised Statutes of Texas, relating to the measure of damages to be awarded the owner when only a part of a tract of land is condemned requires that the owner be paid as compensation the value of the land actually taken, plus any consequential damages to the remaining portion of the tract, including any diminution in the value thereof.

The appellants allege that over a period of time they acquired the property in question for business and other purposes and ultimately for development of a shopping center. The trial court held in effect that such intended future use was too speculative and that proffered testimony in support of such future use was inadmissible. The appellee contends that the lots are each used for a separate and independent purpose rather than as a combined unit for a common or unified purpose and therefore the damages to the "remaining portion", referred to in Article 3265, supra, must be confined to the single lot.

■ The primary question before this court and the basic one in all cases involving severance damages is what constitutes a single tract of land as distinguished from separate ones. Under the authorities the answer does not depend upon artificial boundaries between tracts as may be reflected in the owner's chain of title or as may appear upon maps or plats. It would not in our opinion depend upon whether the owner acquired the tract under consideration in one or several transactions or rendered and paid taxes on them as single tracts or as a unit. Nor in our opinion would the determination of the question necessarily depend upon the uses to which the property was being devoted at the time.

■ The words, "the remaining portion", contained in Article 3265, supra, imply that the land condemned is coterminous with other land of the same owner used by him for a common purpose and that the remaining portion of the land will be either increased or decreased in value because of the public use of the part condemned. If the remaining portion is contiguous it is immaterial that the whole tract is not enclosed by a fence or otherwise so as to place it all in the same enclosure. 22 Tex.Jur.2d § 252. See also Rayburn, Texas Law of Condemnation, § 160(1), pp. 455–460, p. 458 and cases cited.

The question of what constitutes a "single" tract is not wholly dependent upon whether the tracts under consideration are physically contiguous. Such tracts may be separate ones if used separately. On the other hand tracts which may be physically separated from one another by railroads, highways, land or other barriers may constitute a single tract if devoted to an integrated unitary use or if the possibility of their being so combined for a unified use in the reasonably near future is such as to affect market value.

■ In the case of McLennan County v. Stanford, Tex.Civ.App., 350 S.W.2d 208, the general rule was stated as follows: "Where separate, but contiguous tracts are integral parts of an entity under common ownership in such physical and functional relationship that they are joined by unity of

use by the same proprietor into a single property, they will be treated as a whole in assessing damages to the remainder in the taking of a part." (See authorities cited.)

Texas Jurisprudence in its section under Eminent Domain states in effect that the value of land is to be confined to the actual use to which it is put by the owner only in those cases where there is an absence of any evidence showing its adaptability for another use will give it a greater value. 22 Tex.Jur.2d 274, § 173 and continuing in the same text, "Not only the actual use made of the property, but also any use to which the property is adapted and might be put, should be taken into account in estimating its market value. In general, the best or most valuable use to which condemned property is adapted is to be considered in fixing its value, and not the condition in which the owner has maintained the property or the use to which it may be applied at the time; this rule is applicable not only to the property taken but also to any remaining portion thereof." 22 Tex.Jur.2d 277, 278, § 174 and authorities cited. See also 29 C.J.S. Eminent Domain § 160, p. 1024; 18 Am.Jur. 878, 879.

▇ Stated another way, value may reflect not only the use to which the property is presently devoted but also to that use to which it may readily be converted.

The record in this case reflects no legal impediments which would prevent the appellants from removing the tenant houses and other buildings from the property to other locations or else to raze them and thereby clear the property for conversion to use as a shopping center or other business purpose. Appellants were and are likewise free to convey the lots as a single tract. Under the contentions advanced by appellee if the appellants had cleared the property and deeded same as a single tract the grantee in the deed would be entitled to damages to the remainder of the whole tract whereas the appellants are limited to the single lot because the lots were purchased one at a time and are taxed and used as single units.

▇ Contiguous parcels of land (or lots) with common ownership which are capable of common or integrated use at the will of the owner are not to be considered as separate and independent parcels merely because they were acquired in different transactions from different vendors and are separated by imaginary lines.

In Continental Pipe Line Co. v. Kiel, Tex. Civ.App., 227 S.W.2d 825, 828, it was held: "The test seems to be that the owner may show uses his land was suitable for or adaptable to affecting its value under the facts and circumstances existing at the time condemnor's acts occurred. This is true whether the owner had chosen to avail himself of the situation or not. If the value existed it belonged to him and the condemnor could not take it from him without just compensation."

The Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, stated that: "Generally, it may be said that it is proper as touching the matter of the value and depreciation in value to admit evidence upon all such matters as suitability and adaptability, surroundings, conditions before and after, and all circumstances which tend to increase or diminish the present market value." See also 18 Am.Jur., p. 991, § 347.

In City of Tyler v. Ginn, Tex.Civ.App., 225 S.W.2d 997, 998, the court held: "There seems to be no question but that appellees are entitled to the highest value for which the property is adaptable."

▇ It is a general rule that the value of land condemned is not to be estimated simply with reference to the condition in which the owner has maintained it or for the use to which it is at the time applied, but with reference to any use to which it is reasonably adapted. 29 C.J.S. Eminent Domain § 160, p. 1024.

▇ Where the tracts or lots are contiguous and the issue of "separateness" is raised, the inquiry is whether they are of

such dissimilar character as to require valuation, if at all, for entirely different uses and therefore as distinct or separate parcels, in which event they will not be treated as a single tract.

Admittedly the divisions between the five lots is merely nominal. The mere adaptability of parts to different uses and their devotion to such uses under the circumstances would not negative their character as a single parcel. When a parcel of land consisting of contiguous and adjoining tracts shown on official maps or plats as lots constitute an entire parcel used for one general purpose by the owner a condemnation proceeding should embrace all injuries caused to the entire tract. The uses to which the lots in question were devoted are not so divergent as to negative treatment as a single tract.

It would appear illogical to say that because four of the lots are occupied by single family houses rented to separate tenants and the fifth lot is devoted to a business use that they should not be treated as a single unit. Such a holding would be in violent conflict with the general rule that compensation to the owner is to be estimated by reference to its highest and best use and not necessarily to its use at the time of condemnation.

In a condemnation case, where the highest and best use of the property was prohibited by ordinance the Supreme Court of Texas speaking through Chief Justice Calvert stated, "In the willing seller-willing buyer test of market value it is frequently said that all factors should be considered which would reasonably be given weight in negotiations between a seller and a buyer. 29 C.J.S., Eminent Domain, § 159, page 1023. This would exclude consideration of purely speculative uses to which the property might be adaptable but wholly unavailable but would permit consideration of all uses to which the property was reasonably adaptable and for which it was, or in reasonable probability would become, available within a reasonable time. Orgel in his text on Valuation Under Eminent Domain, Vol. 1, § 30, p. 141, footnote 113, says: 'The test is well phrased in United States v. 3969.59 Acres of Land (D.C.), 56 F.Supp. 831: "To warrant admission of testimony as to the value of land for purposes other than that to which it is being put at the time of the taking, it must first be shown: 1. That the property is adaptable to the other use. 2. That the other use is reasonably probable within the immediate future, or a reasonable time. 3. That the market value of the land has been enhanced thereby."'" City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W. 2d 808, p. 814.

"In determining the amount of depreciation, if any, in the value of the remainder of a tract before and after part of it has been taken under eminent domain, considerable latitude is allowed in introducing testimony. But evidence relating to remote, speculative, and conjectural uses, as well as injuries, which are not reflected in present market value of the property is to be rejected." 22 Tex.Jur.2d, p. 241, § 151.

Before determining what constitutes a single tract as distinguished from separate ones for the purpose of allowing damages for the remainder of the tract out of which a part is condemned, it is necessary to determine whether the tracts under consideration are physically contiguous as distinguished from tracts which are separated by some physical division. If the tracts are physically contiguous and separated by mere nominal divisions they constitute a single tract unless an issue of separateness is raised due to the divergent uses to which the parts are devoted, uses of such a dissimilar character as to preclude their consideration as a single parcel. To constitute a single tract is it not necessary that all the tracts be contained within a fence or other enclosure as in a compound.

If the tracts are not contiguous but are separated by some physical division, created by nature or man-made, then the rule of "unity of use" may be applied. Their devotion to a unity of use will combine them

so as to require their consideration as a single tract. The proximity and size of the separate tracts are considered in the application of this rule along with other factors.

It is frequently said that "unity of use", or integrated use and not physical contiguity is the test but that physical contiguity often has great bearing on the question of unity of use.

It is agreed that only by treating the five lots in question as a single tract can the property be devoted to its highest and best use and that treated as such it has sustained damages in addition to those allowed.

The only means by which any effect or meaning can be given to the rule of highest and most valuable use of one's property and thus adequately compensate him for any damage to the remainder is to permit testimony as to uses to which the property might be adaptable and for which it is or in reasonable probability will be available within a reasonable time. All factors should be considered which in reason would be given weight in negotiations between a willing-seller and a willing-buyer and relating to market value. This would preclude speculative use or uses for which the property was not adaptable or available. Further to warrant admission of testimony as to value for uses of the land other than the present uses to which it is devoted it must be shown that the property is adapted to the other use, that such use is reasonably probable within the immediate future or a reasonable time and that the market value thereof has been enhanced thereby.

Based upon the conclusions recited herein we are of the opinion that the Court erred in limiting damages to the remainder of the single lot rather than permitting the consideration of damages to the remainder of the five lots considered as a single tract. In view of our holding we deem it unnecessary to discuss the alternative points. The judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.