**TEXAS POWER & LIGHT COMPANY, Appellant,**

v.

**Robert M. WALKER et ux., Appellees.**

No. 8464.

Court of Civil Appeals of Texas, Texarkana.

Nov. 8, 1977.

Rehearing Denied Dec. 6, 1977.

Robert M. Rolston, Russell & Rolston, Mount Pleasant, for appellant.

Coy Johnson, Sulphur Springs, Woodrow H. Edwards, Mount Vernon, for appellees.

CORNELIUS, Chief Justice.

Texas Power & Light Company appeals from a district court judgment in eminent domain proceedings. The judgment was based upon jury findings, and awarded Mr. and Mrs. Robert M. Walker $750.00 per acre compensation for damages to 4.863 acres of their land over which an easement was taken, together with $75.00 per acre for damage to the remaining 135.1 acres of their land. The only disputed issue in the trial was the proper amount of compensation to be awarded.

The appeal is based upon six points of error which contend generally that (1) as appellees' land was divided into two tracts, the trial court erred in treating those tracts as a whole under the "unity of use rule" when submitting the issue of damages to the remainder; (2) the trial court erroneously permitted appellees' counsel to comment on appellant's failure to call Tom Ramsay as a witness; and, (3) there is insufficient evidence to support the jury finding of damages to the remainder of the land.

The land consisted of approximately 140 acres. It is bisected by a county road which roughly divides it into a northeastern half and a southwestern half. The easement crosses only the southwestern half. It was undisputed that, at the time of the taking,

all of the land was used as a cattle ranching operation and was operated as one unit despite its physical division by the county road.

The parties agree that where land is divided into separate tracts, but in the aggregate is being devoted to a unity of use which unites all of the parcels as an entity of use, the separate parcels will be considered as an entirety for the purpose of estimating the damage to the remainder after a portion thereof has been taken for public use. *Calvert v. City of Denton,* 375 S.W.2d 522 (Tex.Civ.App. Fort Worth 1964, writ ref'd n. r. e.); *State v. South Main Baptist Church,* 361 S.W.2d 898 (Tex.Civ. App. Houston 1962, writ ref'd n. r. e.); *McLennan County v. Stanford,* 350 S.W.2d 208 (Tex.Civ.App. Waco 1961, no writ); Annot., 6 A.L.R.2d 1202; Rayburn, Texas Law of Condemnation, Sec. 160(1), p. 455. Appellant contends, however, that the unity of use rule was inapplicable to this case, or at least a fact issue was raised as to its applicability, because appellees produced evidence that the highest and best use for which their land was reasonably adaptable was for subdivision and sale as ranchettes or residential tracts. Some cases have held that, although separate parcels were being used as a unit at the time of the taking, where the owner has abandoned that unity of use for another and inconsistent use, or tries his case on a theory of the adaptability of the land to a purpose inconsistent with a unity of use, he cannot maintain his claim of unity. *Wagoner v. City of Arlington,* 345 S.W.2d 759 (Tex.Civ.App. Fort Worth 1961, writ ref'd n. r. e.); *Haines v. St. Louis, D.M. & N. Ry. Co.,* 65 Iowa 216, 21 N.W. 573 (1884); Annot., 6 A.L.R.2d 1203. But from a careful study of the evidence in this case, we do not believe it can fairly be said that appellees abandoned their unity of use or tried their case on a theory of adaptability to a different and inconsistent use. There is no testimony or other evidence in the record which would justify such a conclusion. It is true that several of appellees' witnesses testified that in their opinion the highest and best use of the land would be for subdivision and sale of ranchettes or residential tracts of from 5 to 10 acres each. But the mere expression of opinions by value witnesses that the highest and best use of land is different from that to which it is actually being put by the owner should not preclude the owner from claiming the advantages of the unity of use rule when the land is in fact being used as a unit. If the mere production of evidence as to the highest and best use of property should be held to govern the applicability of the unity of use rule, then it would seem that appellant should be precluded from contesting unity of use in this case, because its value witnesses testified that the highest and best use of the land was for cattle ranching purposes, as it was actually then being used by appellees. In our judgment such a result should not apply in this case, either as to appellees or as to appellant. As the undisputed evidence established that the land was devoted to a unity of use at the time of the taking, and there was no evidence that appellees had abandoned that use or had tried their case on a theory of adaptability to a different or inconsistent use, the trial court correctly applied the damage issue to the remainder of appellees' land as a unit.

Prior to the voir dire examination of the jury panel, appellant's counsel informed appellees' counsel that he intended to call Mr. Tom Ramsay as a witness. Mr. Ramsay was not, however, used as a witness either by appellant or by appellees. In his summation to the jury, appellees' counsel was permitted, over appellant's objection, to make the following argument:

"You can assume that because the Plaintiffs did not call Tom Ramsay as a witness that his testimony would not be favorable to them and that Tom Ramsay would not buckle under and testify the way the Power Company wanted him to."

Evidence adduced on the hearing of appellant's motion for new trial, which complained of the court's action in permitting the argument, revealed that Mr. Ramsay had been engaged by *appellees* to appraise their land for the purpose of possibly testifying in their behalf as a value witness.

Mr. Ramsay's appraisal was less than what appellees contended was the value of their land, and they consequently decided not to use him as a witness. Appellant's counsel, knowing that Mr. Ramsay had appraised the land and having learned the amount of his appraisal, asked him to testify for appellant, but upon being informed by Mr. Ramsay that he had promised appellees not to testify, he was not called.

 Counsel may properly comment upon, and the jury may draw unfavorable inferences from, the failure of a party to use a witness where the record reveals that such witness is within the control of, or stands in some special relationship to, that party. *Gifford v. Woodruff,* 448 S.W.2d 804 (Tex.Civ.App. Beaumont 1969, no writ); *Johnson v. Smith,* 446 S.W.2d 357 (Tex.Civ. App. San Antonio 1969, writ ref'd n. r. e.); *Sanders v. St. Paul Fire & Marine Insurance Company,* 429 S.W.2d 516 (Tex.Civ. App. Texarkana 1968, writ ref'd n. r. e.); *Gulf, Colorado & Santa Fe Railway Co. v. Hampton,* 358 S.W.2d 690 (Tex.Civ.App. Eastland 1962, writ ref'd n. r. e.); 3 McDonald's, Texas Civil Practice, Sec. 13.06, pp. 472–477. Absent facts which would slant the witness toward a party, however, the general rule is that argument concerning the non-production of a witness who is equally available to both parties is improper. *Jarbet Co. v. Hengst,* 260 S.W.2d 88 (Tex.Civ.App. Austin 1953, no writ); *Texas Employers' Insurance Association v. Hicks,* 237 S.W.2d 699 (Tex.Civ.App. Amarillo 1951, writ ref'd n. r. e.); *Stewart v. Shoemake,* 225 S.W.2d 873 (Tex.Civ.App. Fort Worth 1949, writ ref'd n. r. e.); 3 McDonald's, Texas Civil Practice, Sec. 13.06, p. 477. Mr. Ramsay was not employed by, nor was he under the control of or standing in any special relationship to the appellant. He was equally available to appellant and appellees. Indeed, he had been engaged by *appellees* to make the appraisal. In those circumstances it was improper for counsel to comment upon and draw unfavorable inferences from the failure of *appellant* to use Mr. Ramsay's testimony. Nevertheless, we have concluded that under the record here the comment was harmless and did not

constitute reversible error. From the testimony presented at the hearing on appellant's motion for new trial, it appears that Mr. Ramsay's testimony would have related only to the value of appellees' land and the resulting damage to it. That issue had been explored in great detail with the presentation of abundant evidence which conflicted sharply. Appellees produced six value witnesses who testified that the land was worth from $900.00 to $1,000.00 per acre. Appellant produced three value witnesses who testified that the land was worth only from $500.00 to $600.00 per acre. The jury was well aware that there was a great discrepancy in the witnesses' estimates of value. We are unable to conclude that the comment, inferring to the jury that one more witness might have valued the land higher than appellant contended it should be valued, was of such a prejudicial nature as probably affected the jury's verdict or caused the rendition of an improper judgment. Tex.R.Civ.P. 434.

 Appellant's last contention argues there was insufficient evidence to support the jury's answer to the issue on damage to the remainder. The basis of the contention is that, as appellees' witnesses did not give the reasons for or the basis of their opinion of the value of the land and the damage done to it, those opinions were mere conclusions and were therefore insufficient according to the decisions of *Tennessee Gas & Transmission Co. v. Zirjacks,* 244 S.W.2d 837 (Tex.Civ.App. San Antonio 1951, writ dism'd), and *City of Cedar Hill v. Wheeler,* 326 S.W.2d 236 (Tex.Civ.App. Dallas 1959, writ ref'd n. r. e.). In *Zirjacks* it was stated:

> "One claiming damages to land must show the nature of the damage, the effect upon various portions of the tract and the relationship of the same to market value. A mere conclusion as to market value is insufficient for this purpose."

Our Supreme Court has recently held that the rule in *Zirjacks* applies only to the testimony of a party claiming damages, and not to the testimony of expert value witnesses. *Texas Electric Service Co. v. Wheeler,* 551

S.W.2d 341 (Tex.1977). Lack of supportive data goes to the weight, not the competency, of the expert value testimony. See also *Southwestern Bell Tel. Co. v. Ramsey,* 542 S.W.2d 466 (Tex.Civ.App. Tyler 1976, no writ); *Texas Electric Service Company v. Yater,* 494 S.W.2d 271 (Tex.Civ.App. El Paso 1973, writ ref'd n. r. e.); *Texas Power & Light v. Trinity Valley,* 395 S.W.2d 866 (Tex.Civ.App. Dallas 1965, no writ); and, *Texas Electric Service Company v. Etheredge,* 324 S.W.2d 322 (Tex.Civ.App. Eastland 1959, no writ). As the testimony of all the value witnesses was competent, its weight was for the jury, and from a consideration of all the evidence we cannot say that the jury's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.

The judgment of the trial court is affirmed.