

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-257-CV

ANANN ARABIE                                                    APPELLANT

V.

CRETE CARRIER CORPORATION                                       APPELLEE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Anann Arabie appeals the trial court's judgment that she take nothing from Appellee Crete Carrier Corporation. In one issue, Arabie complains that the trial court erred by not allowing her to comment on the negative presumption created by Crete's not calling a witness within its control. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

This case arises out of an alleged motor vehicle accident that occurred on May 25, 2006, in Gainesville, Texas. Arabie claims that she was the victim of a hit-and-run accident involving a vehicle owned by Crete and operated by Crete's employee. Crete denied liability and also denied that its vehicle was involved in any accident with Arabie. The case was tried before a jury.

Because this court has only a partial record of the proceedings below, it is unclear how many witnesses Crete called or how much, if any, evidence Crete put on regarding Crete's position that it was neither liable nor involved in the accident. But during Arabie's closing argument to the jury, the following exchange took place:

> [ARABIE'S COUNSEL]: Now, let's talk about the burden of proof, preponderance of the evidence. Is it more likely than not that [Arabie] was rear-ended by a Crete Carrier vehicle who ignored the rules of the road, struck her and fled the scene? More likely than not.
>
> We have the obligation to prove the case, folks, and [Arabie] sat up in the witness stand and described everything to you that happened. We have more than met the burden of telling you who's responsible for this.
>
> Now, [Crete's counsel] told you yesterday we don't have an obligation to prove anything as the Defense, and that's true. They don't. [Crete's counsel] even asked you is anybody going to make them disprove what it is that we're saying?
>
> Now, not everybody -- I watched your responses. Not everybody agreed to that. Now, she stood up here earlier today and in her opening statement she said two wrongs don't make a

2

right. The first one is obvious. [Arabie] was rear-ended. The second wrong, I guess she's implying, is that Crete Carrier didn't do it; that it would be wrong to hold them accountable for what happened to [Arabie]. I guess that's implying that they're somehow being incorrectly or falsely accused of doing this.

Ladies and gentlemen, if we're falsely accused of something, what do most innocent people do?

[CRETE'S COUNSEL]: Your Honor, I'm going to object. That's improper argument shifting the burden of proof.

THE COURT: Sustained.

[ARABIE'S COUNSEL]: Your Honor, may we approach on that?

THE COURT: Go ahead.

The exchange continued at the bench outside the hearing of the jury:

[ARABIE'S COUNSEL]: Your Honor, I'm allowed to comment on the fact that they chose -- that they chose not to testify, not to offer any evidence. If you look at the case of John Deer[e] Company versus May, and subsequent case law I have for the Judge, I believe you're certainly allowed to do that.

[CRETE'S COUNSEL]: He never called my representative. He never took their deposition. He should have done something. But it's his burden.

[ARABIE'S COUNSEL]: Judge, case law. Judge, the case law clearly says that I'm allowed to comment.

THE COURT: Say that again.

[ARABIE'S COUNSEL]: I believe I'm allowed to comment on the jury witnesses or say no evidence shows that the evidence is produced.

3

THE COURT: You're not allowed to say that they should have the burden. I'm sustaining the objection.

After the bench hearing, Arabie's counsel next addressed the jury with this statement:

[ARABIE'S COUNSEL]: Ladies and gentlemen, the burden of proof in this case is on us. And Nann Arabie described in particular exactly what happened, how it happened, and gave all the information that she could to the 911 operator as this was happening. She gave the information to Officer Mathes as she was under the stress of the -- once the stress of the event set in, she could give him some information, but even if he testified that she was nervous and shook up. And witnesses who are nervous and shook up sometimes have trouble. That's what happened in this case, folks. That's exactly what happened in this case.

The jury ultimately returned a take-nothing verdict in Crete's favor, and the trial court signed its judgment on June 11, 2008. This appeal followed.

In her sole issue, Arabie complains that the trial court erred in not allowing her to comment on the negative presumption created by Crete's not calling a witness. *See Texas Power & Light Co. v. Walker*, 559 S.W.2d 403, 406 (Tex. Civ. App.—Texarkana 1977, no writ) (holding unfavorable inferences may be drawn from the failure of a party to call witnesses who stand in some special relationship to the party). Arabie argues that Crete failed to call a corporate representative who was present at trial and listed as a witness. Thus, Arabie argues, she should have been allowed to comment upon the unfavorable inference created by Crete's failure to call a witness under its

4

control. *See id.* Crete counters that, among other things, Arabie has waived her argument because she failed to specifically object to not being allowed to comment on Crete's alleged failure to call a witness under its control. We agree with Crete.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *See Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 195 (Tex. App.—Fort Worth 2006, no pet.); *see also Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

Based on our review of the record, we are unable to conclude that Arabie ever objected to not being allowed to comment on Crete's alleged failure to call a witness under its control. Arabie does not cite to any place in the record where she objected to the trial court not allowing her to comment on Crete's alleged failure. The exchange recited above is Arabie's only objection found in the limited record that she filed. But this exchange reveals to us that Arabie, Crete, and the trial court all believed that the objection was related to Arabie's attempts to shift the burden of proof to Crete. Arabie's complaint to the trial

5

court that she should be "allowed to comment on the fact that [Crete] chose -- that [Crete] chose not to testify, not to offer any evidence" relates only loosely at best to her argument now on appeal that the trial court erred by not allowing her to comment on the negative presumption created by Crete's not calling a witness allegedly under its control. Thus, Arabie's objection to the trial court was not specific enough to inform the trial court of the basis of the argument she now raises on appeal so as to afford the trial court opportunity to rule on it. *See* Tex. R. App. P. 33.1(a). Thus, we hold that Arabie has waived the error, if any, of which she now complains. Arabie's sole issue is overruled.

Having overruled Arabie's sole issue, we affirm the trial court's judgment.


BILL MEIER
JUSTICE


PANEL: CAYCE, C.J.; MCCOY and MEIER, JJ.

MCCOY, J. filed a concurring opinion.

DELIVERED: May 14, 2009



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-257-CV

ANANN ARABIE                                                                      APPELLANT

V.

CRETE CARRIER CORPORATION                                          APPELLEE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## CONCURRING MEMORANDUM OPINION[1]

------------

I concur in the result reached by the majority in this case in affirming the

trial court's judgment but diverge from the path utilized to reach that result.  I

believe that Arabie's complaint was preserved for our review.  I would hold that

considering Arabie's counsel's comments to the trial court regarding Crete's

failure to call witnesses or offer evidence, along with his specific reference to

---

[1] *See* Tex. R. App. P. 47.4.

*John Deere Company v. May*, 773 S.W.2d 369 (Tex. App.—Waco 1989, writ denied), Arabie preserved the asserted error for our review. *May* clearly references negative presumptions to be made through the failure to call certain witnesses. Specifically, "[f]ailing to produce evidence within its control or to call its own officers and employees or John Deere's field representative raised a presumption or inference that such evidence and testimony, if produced, would have been unfavorable to Hyco on the challenged findings." *Id*. at 377. I would then hold, however, that under the appropriate harm analysis, that error, if any, was harmless on the record before us. *See* Tex. R. App. P. 44.1.

BOB MCCOY
JUSTICE

DELIVERED: May 14, 2009

2