COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-257-CV

 

 

ANANN ARABIE                                                                  APPELLANT

 

                                                   V.

 

CRETE CARRIER CORPORATION                                               APPELLEE

 

                                              ------------

 

             FROM THE 235TH
DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Anann Arabie appeals the trial court=s
judgment that she take nothing from Appellee Crete Carrier Corporation.  In one issue, Arabie  complains that the trial court erred by not
allowing her to comment on the negative presumption created by Crete=s not
calling a witness within its control.  We
will affirm.








This case arises out of an alleged motor vehicle
accident that occurred on May 25, 2006, in Gainesville, Texas.  Arabie claims that she was the victim of a
hit-and-run accident involving a vehicle owned by Crete and operated by Crete=s
employee.  Crete denied liability and
also denied that its vehicle was involved in any accident with Arabie.  The case was tried before a jury.  

Because this court has only a partial record of
the proceedings below, it is unclear how many witnesses Crete called or how
much, if any, evidence Crete put on regarding Crete=s
position that it was neither liable nor involved in the accident.  But during Arabie=s
closing argument to the jury, the following exchange took place:

[ARABIE=S
COUNSEL]:  Now, let's talk about the burden of proof, preponderance
of the evidence.  Is it more likely than
not that [Arabie] was rear‑ended by a Crete Carrier vehicle who  ignored the rules of the road, struck her and
fled the scene?  More likely than not.

 

We have the obligation to prove the case, folks, and [Arabie] sat up
in the witness stand and described everything to you that happened.  We have more than met the burden of telling
you who's responsible for this.

 

Now, [Crete=s counsel] told you
yesterday we don't have an obligation to prove anything as the Defense, and
that's true.  They don't.  [Crete=s counsel] even asked you is anybody going to
make them disprove what it is that we're saying?

 








Now, not everybody ‑‑ I watched your
responses.  Not everybody agreed to
that.  Now, she stood up here earlier today
and in her opening statement she said two wrongs don't make a right.  The first one is obvious.  [Arabie] was rear‑ended.  The second wrong, I guess she's implying, is
that Crete Carrier didn't do it; that it would be wrong to hold them
accountable for what happened to [Arabie]. 
I guess that's implying that they're somehow being incorrectly or
falsely accused of doing this.

 

Ladies and gentlemen, if we're falsely accused of something, what do
most innocent people do?

 

        [CRETE=S
COUNSEL]:  Your Honor, I'm going to object.  That's improper argument shifting the burden
of proof.

 

THE COURT:  Sustained.

 

[ARABIE=S
COUNSEL]:  Your Honor, may we approach on that?

 

THE COURT:  Go ahead.

 

The
exchange continued at the bench outside the hearing of the jury:

 

[ARABIE=S
COUNSEL]:  Your Honor, I'm allowed to comment on the fact that they
chose ‑‑ that they chose not to testify, not to offer any evidence.  If you look at the case of John Deer[e]
Company versus May, and subsequent case law I have for the Judge, I believe
you're certainly allowed to do that.

 

[CRETE=S COUNSEL]:  He
never called my representative.  He never
took their deposition.  He should have
done something.  But it's his burden.

 

[ARABIE=S
COUNSEL]:  Judge, case law. 
Judge, the case law clearly says that I'm allowed to comment.

 

THE COURT:  Say that again.

 

[ARABIE=S COUNSEL]:  I
believe I'm allowed to comment on the jury witnesses or say no evidence shows
that the evidence is produced.








THE COURT:  You're not allowed to say that they should have
the burden.  I'm sustaining the
objection.

 

After the bench hearing, Arabie=s
counsel next addressed the jury with this statement:

[ARABIE=S
COUNSEL]:  Ladies and gentlemen, the burden of proof in this case is
on us.  And Nann Arabie described in
particular exactly what happened, how it happened, and gave all the information
that she could to the 911 operator as this was happening.  She gave the information to Officer Mathes as
she was under the stress of the ‑‑ once the stress of the
event set in, she could give him some information, but even if he testified
that she was nervous and shook up.  And
witnesses who are nervous and shook up sometimes have trouble.  That's what happened in this case,
folks.  That's exactly what happened in
this case.

 

The jury ultimately returned a take-nothing
verdict in Crete=s favor, and the trial court
signed its judgment on June 11, 2008. 
This appeal followed.  








In her sole issue, Arabie complains that the
trial court erred in not allowing her to comment on the negative presumption
created by Crete=s not calling a witness.  See Texas Power & Light Co. v. Walker,
559 S.W.2d 403, 406 (Tex. Civ. App.CTexarkana
1977, no writ) (holding unfavorable inferences may be drawn from the failure of
a party to call witnesses who stand in some special relationship to the
party).  Arabie argues that Crete failed
to call a corporate representative who was present at trial and listed as a
witness.  Thus, Arabie argues, she should
have been allowed to comment upon the unfavorable inference created by Crete=s
failure to call a witness under its control.  See id.  Crete counters that, among other things,
Arabie has waived her argument because she failed to specifically object to not
being allowed to comment on Crete=s alleged
failure to call a witness under its control. 
We agree with Crete.

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party fails to
do this, error is not preserved, and the complaint is waived.  See Residential Dynamics, LLC v. Loveless,
186 S.W.3d 192, 195 (Tex. App.CFort
Worth 2006, no pet.); see also Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh'g).








Based on our review of the record, we are unable
to conclude that Arabie ever objected to not being allowed to comment on Crete=s
alleged failure to call a witness under its control.  Arabie does not cite to any place in the
record where she objected to the trial court not allowing her to comment on
Crete=s
alleged failure.  The exchange recited
above is Arabie=s only objection found in the
limited record that she filed.  But this
exchange reveals to us that Arabie, Crete, and the trial court all believed
that the objection was related to Arabie=s
attempts to shift the burden of proof to Crete. 
Arabie=s complaint to the trial court
that she should be Aallowed to comment on the fact
that [Crete] chose ‑‑ that [Crete] chose not to testify,
not to offer any evidence@ relates only loosely at best to
her argument now on appeal that the trial court erred by not allowing her to
comment on the negative presumption created by Crete=s not
calling a witness allegedly under its control. 
Thus, Arabie=s objection to the trial court
was not specific enough to inform the trial court of the basis of the argument
she now raises on appeal so as to afford the trial court opportunity to rule on
it.  See Tex. R. App. P. 33.1(a).  Thus, we hold that Arabie has waived the
error, if any, of which she now complains. 
Arabie=s sole issue is overruled.

Having overruled Arabie=s sole
issue, we affirm the trial court=s
judgment.

 

BILL
MEIER

JUSTICE

 

PANEL:  CAYCE, C.J.; MCCOY and
MEIER, JJ.

MCCOY, J. filed a concurring opinion.

DELIVERED:  May 14, 2009











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-257-CV

 

 

ANANN
ARABIE                                                                  APPELLANT

 

                                                   V.

 

CRETE
CARRIER CORPORATION                                               APPELLEE

 

                                              ------------

 

             FROM THE 235TH
DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                    CONCURRING MEMORANDUM
OPINION[1]

 

                                              ------------

 








I concur
in the result reached by the majority in this case in affirming the trial court=s
judgment but diverge from the path utilized to reach that result.  I believe that Arabie=s
complaint was preserved for our review. 
I would hold that considering Arabie=s
counsel=s
comments to the trial court regarding Crete=s
failure to call witnesses or offer evidence, along with his specific reference
to John Deere Company v. May, 773 S.W.2d 369 (Tex. App.CWaco
1989, writ denied), Arabie preserved the asserted error for our review.  May clearly references negative
presumptions to be made through the failure to call certain witnesses.  Specifically, A[f]ailing
to produce evidence within its control or to call its own officers and
employees or John Deere=s field representative raised a
presumption or inference that such evidence and testimony, if produced, would
have been unfavorable to Hyco on the challenged findings.@  Id. at 377.  I would then hold, however, that under the
appropriate harm analysis, that error, if any, was harmless on the record
before us.  See Tex. R. App. P.
44.1.  

 

BOB MCCOY

JUSTICE

 

DELIVERED: 
May 14, 2009











[1]See Tex. R. App. P. 47.4.





[1]See Tex. R. App. P. 47.4.